STATE ex rel. J. W. LILLY et al., Appellants, v. LARKIN CARTER et al., Respondents.

### St. Louis Court of Appeals, February 4, 1902.

Trespass: DAMAGES: ILLEGAL LEVY OF EXECUTION, SHERIFF. In the case at bar, defendant is the sheriff of Warren county. To him as such sheriff was delivered for collection an execution in favor of the Phoenix Insurance Company, and against Moritz Meyer. A deputy of the sheriff proceeds to the residence of Meyer for the purpose of serving the execution, and levied upon a lot of cattle in Meyer's premises, among them an animal, which plaintiffs notified the deputy belonged to them. The answer of the deputy to this notification was that he would not take any man's word for it, and that the claimants would have to make affidavit that the animal was their property or he would levy on it. The affidavit was not made and the deputy levied upon the animal as the property of Meyer and drove it off with the other cattle that he had seized and levied upon. *Held*, that plaintiffs, in a suit on the sheriff's bond for the trespass in seizing and taking away the animal, on proof of the ownership of said animal are entitled to nominal damages at least.

Appeal from Warren Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

REVERSED AND REMANDED.

*E. Rosenberger & Son* for appellants.

(1)   A verdict should not be permitted to stand, where, to reach the same, the jury must have disregarded the clear, consistent evidence of competent and unimpeached witnesses,

uncontradicted by any evidence in the case. Lionberger v. Pohlman, 16 Mo. App. 392; Bergraefe v. Knights of Honor, 22 Mo. App. 427; Long v. Moon, 107 Mo. 334. (2) A verdict should be set aside when it clearly appears that the jury disregarded the instructions of the court. Payne v. Railroad, 129 Mo. 405. (3) It is error for the trial court to refuse a new trial, where the preponderance of the evidence against the verdict is so strong as to raise a presumption of prejudice, corruption, or gross ignorance on the part of the jury. Price v. Evans, 49 Mo. 396; Walton v. Railroad, 49 Mo. App. 620.

*C. E. Peers* for respondent.

BLAND, P. J.—The defendant, Carter, is the sheriff of Warren county. To him as such sheriff was delivered for collection an execution in favor of the Pheonix Insurance Company and against Moritz Meyer. A deputy of the sheriff, armed with the execution, proceeded to the residence of Moritz Meyer for the purpose of serving the execution. When he arrived there he found and proceeded to levy upon a lot of cattle on Moritz Meyer's premises; among them was the animal in question, a red two-year-old bull. Before making the levy he was notified by plaintiffs that the bull was their property. His answer to this notification was that he "would not take any man's word for it and that the claimants would have to make affidavit that the animal was their property or he would levy on it." The affidavit was not made and the deputy levied upon the bull as the property of Moritz Meyer and drove it off with the other cattle that he had seized and levied upon. He kept the animal in his possession until after the sale day under the execution when, having realized enough from the sale of the other cattle to satisfy the execution, he turned the bull over to plaintiffs who received it.

The suit is on the sheriff's bond for the trespass in seizing and taking away the bull. The plaintiffs proved their owner-

ship to the bull and no countervailing evidence as to their ownership of the animal was offered.

Plaintiffs offered the following instruction which the court refused to give, to-wit:

"5.   The court instructs the jury that under the pleadings and the evidence, your verdict must be for the plaintiffs."

There was a verdict and judgment for the defendant. Plaintiffs in due time moved for a new trial which was denied them and they appealed.

Except as to the amount of damages, there is no conflict in the evidence and plaintiffs were clearly and indubitably entitled to recover nominal damages, if nothing more, and the jury should have been so instructed.

Instruction number one given for defendants, which is as follows:

"If the jury believe and find from the evidence, that the bull was found in the possession of Moritz Meyer by the sheriff and levied upon by Carter as the property of said Moritz Meyer, then there can be no recovery in the case for nominal damages unless the jury further find and believe that the bull was claimed by the plaintiffs and notice given at the time of levy.   By nominal damages is meant one cent damages," was not justified under the evidence.

The deputy, who made the levy, admitted that plaintiffs claimed the bull before it was taken from the premises of Moritz Meyer.   Notice to the deputy was notice to Carter, his principal.

We perceive no error in the other instructions given for the defendant, nor was there error in refusing instructions numbered six and seven, asked by plaintiff.   There is no evidence on which to base number six, and number seven is a comment on the evidence.

The judgment is reversed and the cause remanded.   *Barclay* and *Goode, JJ.,* concur.